UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TENNESSEE STATE LODGE OF THE :
FRATERNAL ORDER OF POLICE, :
SEAN EMMER and ADAM COOLEY, :
 :
               Plaintiffs, : CASE NO. 1:13-cv-00371
 :
v. : JUDGE MATTICE/CARTER
 :
CHATTANOOGA POLICE DEPARTMENT, : JURY DEMAND
CITY OF CHATTANOOGA and BOBBY DODD. :
in his official capacity as Chief of Police for the :
Chattanooga Police Department, :
 :
               Defendants. :

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

COME NOW Defendants Chattanooga Police Department, City of Chattanooga, and Bobby Dodd in his official capacity as Chief of Police for the Chattanooga Police Department and file this memorandum of law showing the Court the following:

      I.      SUMMARY OF THE ARGUMENT

Plaintiffs have filed their complaint pursuant to 42 U.S.C. § 1983 against Defendants Chattanooga Police Department, City of Chattanooga, and Bobby Dodd in his official capacity as Chief of Police for the Chattanooga Police Department seeking compensatory damages, punitive damages and attorney fees for alleged violations of Plaintiffs Emmer's and Cooley's substantive and procedural due process rights under the United States Constitution.

Plaintiffs' action against the Chattanooga Police Department should be dismissed because the Chattanooga Police Department is not an entity capable of being sued under 42 U.S.C. § 1983. *Moore v. Chattanooga Police Dep't*, 1:08-CV-174, 2008 WL 3896114 (E.D. Tenn. Aug. 19,

2008). Plaintiffs' action against Bobby Dodd in his official capacity as Chief of Police for the Chattanooga Police Department should be dismissed because a claim against an individual in his official capacity is actually a claim against the individual's employing government entity and would be a redundant claim as the City of Chattanooga is a defendant in this action. *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985).

Plaintiff Tennessee State Lodge of The Fraternal Order of Police's ("the FOP") claims should also be dismissed as a matter of law because the Plaintiffs have failed to allege any facts showing that the FOP has standing to bring a claim under 42 U.S.C. § 1983. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Lastly, the Plaintiffs' claims for punitive damages should be dismissed as punitive damages are not recoverable in a 42 U.S.C. § 1983 suit from a municipality or any individual sued in his official capacity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981).

## II.   STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* "tests whether a claim has been adequately stated in the complaint. The basic requirements for a pleading are set out in Rule 8(a) and call for "a short and plain statement of the claim showing that the pleader is entitled to relief...." *Nishiyama v. Dickson Cnty., Tenn.*, 814 F.2d 277, 279 (6th Cir. 1987).   When ruling on a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiffs, accepting all material allegations of the complaint as true.  *See Warth v. Seldin,* 422 U.S. 490,  95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).   Dismissal is proper, however, "when it is established beyond a doubt that the

plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir.1989) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Nishiyama,* 814 F.2d at 279; *Elliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1182 (6th Cir.1975)).

### III. ALLEGATIONS OF THE COMPLAINT

Plaintiffs Sean Emmer ("Emmer") and Adam Cooley ("Cooley") were former officers employed by the City of Chattanooga when they were involved in an incident with Adam Tatum at the Salvation Army on June 14, 2012. Complaint, Court Docket No.1, ¶ 11. During the course of the incident, Mr. Tatum was struck with an "extraordinary" "number of baton strikes…" *Id.* at ¶ 55. The former officers' actions and use of force to arrest Mr. Tatum were recorded by cameras at the Salvation Army. *Id.* ¶¶ 11-12. Following Mr. Tatum's arrest, the CPD and the City launched an internal affairs investigation into the former officers actions during the arrest of Mr. Tatum. *Id.* at ¶ 13. The former officers were each notified in a series of letters from Chief Bobby Dodd that a disciplinary hearing regarding their actions on the night of June 14th would be scheduled. *Id.* at ¶¶17- 29. A separate disciplinary hearing was held for each officer on November 7, 2012. *Id.* at ¶ 39. Each officer was represented by his own counsel at all times during the hearing. *Id.* At the conclusion of the disciplinary hearings, Chief Dodd made the decision to terminate each officer's employment with the CPD. *Id.* at ¶ 42.

Following Chief Dodd's decision, the former officers appealed their terminations and requested an administrative hearing before an Administrative Law Judge ("the ALJ"). Complaint, ¶ 46. The former officers' appeal was heard over three (3) days of testimony beginning on June 26, 2013 and continuing on June 27 and July 3, 2013. *Id.* at ¶ 47. At all

relevant times, the former officers were represented by counsel whose attorneys' fees were paid by the FOP. *Id.* At the conclusion of the administrative hearing, the ALJ reinstated the former officers to their former positions with the CPD. *Id*. at 52. The ALJ also ordered that the former officers receive back pay, benefits and were entitled to costs. *Id.* The ALJ did not award the former officers their attorneys' fees. *Id.* at ¶ 56. The City timely filed a Writ of Certiorari in the Hamilton County Circuit Court, appealing the decision of the ALJ. *Id.* at 58. That matter is still pending before the Hamilton County Circuit Court.

On November 5, 2013, the Plaintiffs filed the instant Complaint pursuant to 42 U.S.C. § 1983 and § 1988. Complaint, ¶¶ 64-66. Specifically, former officers Emmer and Cooley allege that these Defendants have violated their substantive and procedural due process rights. *See* Complaint, ¶¶ 67-85. The FOP, however, alleges no constitutional violations by these Defendants; instead the FOP merely claims that it has been "***damaged by the violation of the Officers' substantive and procedural due process rights***." *Id.* at ¶ 61. (emphasis added). According to the clear language of the Complaint, "[t]his lawsuit is intended to recover those attorney fees spent by the FOP on behalf of Officers Emmer and Cooley following their termination from the CPD on November 7, 2012 including attorney fees incurred in preparation for the ALJ proceedings, the ALJ trial, and the Writ of Certiorari proceedings in the Hamilton County Circuit Court." *Id.* at 63.

## IV.     ARGUMENT AND CITATION OF AUTHORITY

1. <u>The Chattanooga Police Department is not an entity capable of being sued under 42 U.S.C. § 1983.</u>

Plaintiffs seek to recover damages from the Chattanooga Police Department (hereinafter, "CPD") and have alleged that the CPD is a government entity. Complaint, ¶ 5. Defendants seek

dismissal of all claims against CPD as it is not an enity capable of being sued under 42 U.S.C. § 1983.

In *Moore v. Chattanooga Police Dep't*, 1:08-CV-174, 2008 WL 3896114 (E.D. Tenn. Aug. 19, 2008), this Court considered whether the CPD is an entity that could be sued pursuant to 42 U.S.C. ¶ 1983. This court dismissed, *sua sponte*, the complaint against the Chattanooga Police Department holding

> [Plaintiff] identifies the Chattanooga Police Department and the officers that were present during the stop on September 27, 2007, as Defendants. The Chattanooga Police Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Chattanooga Police Department is not a municipality but is merely a municipal agency or department of the City of Chattanooga rather than a separate legal entity. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D.Tenn.2005) (police department is not a legally-existing entity); *Williams v. Baxter,* 536 F.Supp. 13, 16 (D.C.Tenn.1981). Therefore, the Chattanooga Police Department is not a suable entity for § 1983 purposes and all claims brought by Plaintiff against the Chattanooga Police Department pursuant to 42 U.S.C. § 1983 will be **DISMISSED.**

*Moore v. Chattanooga Police Dep't*, 1:08-CV-174, 2008 WL 3896114, *3 (E.D. Tenn. Aug. 19, 2008).

As a matter of law, CPD is not an entity amenable to suit under 42 U.S.C. § 1983; consequently, all claims against the CPD should be dismissed.

2. <u>Suing Bobby Dodd in his official capacity as Chief of Police for the Chattanooga Police Department is actually a claim against the City of Chattanooga and would be a redundant claim as the City of Chattanooga is a defendant in this action.</u>

Plaintiffs seek to recover damages from Bobby Dodd in his official capacity as Chief of Police for the Chattanooga Police Department (hereinafter, "Dodd") and have alleged that Dodd was acting on behalf of the City of Chattanooga and CPD. Complaint, ¶ 17. Defendants have moved for dismissal of all claims against Dodd. The law clearly establishes that claims against a

municipal employee in his official capacity is in actuality a claim against his employer. *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985). Because the City of Chattanooga will remain a defendant in this case, it would be redundant and confusing to a jury to continue Dodd as a defendant in the case.

Beginning in 1985 it has been clear that a 42 U.S.C. § 1983 lawsuit against a government employee in his official capacity simply states a claim against that person's employer. As stated by the Supreme Court of the United States,

> [i]n at least three recent cases arising under § 1983, we have plainly implied that a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond. We now make that point explicit.

*Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985). *See also, Connors v. CBL & Associates Mgmt., Inc.,* 1:08-CV-172, 2009 WL 2905932 (E.D. Tenn. Sept. 3, 2009) ("The claims against Defendants [Police Officers] Raulston and Topping in their official capacities are construed as claims against the City of Chattanooga.").

Because the City of Chattanooga will remain a defendant in this case, there is no need for Dodd to remain in the case as the claims against either are in fact claims only against the City of Chattanooga. In *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764 (E.D. Tenn. Apr. 12, 2012), plaintiff filed a 42 U.S.C. § 1983 action against a county, a county sheriff's office, and employees of the sheriff's office both in their official and individual capacities. *Id.* at *1. In a motion to dismiss the claims against them in their official capacities, the employees argued that the claims were in effect claims against the county and that the official capacity claims against them were redundant and should be dismissed. *Id.* at *3. The Court agreed and dismissed the official capacity claims. The Court reasoned

> [a]ccordingly, in a suit such as this, where plaintiff has sued the sheriff and officers of the sheriff's office in their official capacities as well as the County itself, the official capacity claims are redundant. The official capacity claims against Sheriff Jones and officers Sharp, Hammond, and Moyers, therefore, will be dismissed.

*Id.* (internal citations omitted). For the reasons stated herein, Chief Dodd should be dismissed from this action as a matter of law.

3. <u>The Tennessee State Lodge of The Fraternal Order of Police has failed to allege facts showing it has standing to bring a claim under 42 U.S.C. § 1983.</u>

In order for a federal court to exercise its judicial power, a plaintiff must demonstrate a "case or controversy between himself and the defendant within the meaning of Art. III" of the United States Constitution. *Warth,* 719 F.2d at 498. As the Supreme Court stated in *Warth, supra*, "the standing question is whether the plaintiff has '"alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* at 498-99 (quoting *Baker v. Car*r, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The judicial power granted by Art. III "exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action." *Warth,* at 498-99 (internal citations omitted).

In *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the Supreme Court set forth three (3) elements a plaintiff must show to establish standing

> (1) Plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;

> (2) There must be a causal connection between the injury and the conduct

complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and

(3) It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* Furthermore, as the *Warth Court* clearly stated "***the plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties***." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (emphasis added).

Applying the factors set forth in *Lujan*, the FOP has failed to state a claim upon which relief can be granted as it has not established that the FOP has "suffered an injury in fact-an invasion of a legally protected interest." *Lujan*, 504 U.S. at 460. The Plaintiffs' Complaint is brought pursuant to 42 U.S.C. § 1983 and § 1988. *See* Complaint, ¶¶ 64-66. 42 U.S.C. § 1983 provides in relevant part "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, ***shall be liable to the party injured***…" *Id.* Accordingly, an injury under § 1983 must be personal to the plaintiff. As the Sixth Circuit stated in *Jaco v. Bloechle,* 739 F.2d 239, 242 (6th Cir.1984), "[t]he § 1983 cause of action ... is a personal action cognizable only by the party whose civil rights ha[ve] been violated ." *Jaco v. Bloechle,* 739 F.2d 239, 242 (6th Cir.1984).

In the case at bar, Plaintiff FOP has no personal stake in the outcome of the substantive or procedural due process claims of Plaintiffs Emmer and Cooley. The FOP asserts in Paragraph 61 of the Complaint "Plaintiff the FOP has paid attorney fees for Officers Emmer and Cooley since their termination and has been directly and proximately ***damaged by the violation of the Officers'***

*substantive and procedural due process rights*." *See* Complaint, ¶ 61 (emphasis added). Payment of attorney fees after the fact where there has been no award in a state proceeding is not a valid basis to assert a remedy by a third party for fees under 42 U.S.C. §§ 1983 and 1988. The Complaint is completely devoid of any allegation that these Defendants violated the FOP's substantive or procedural due process rights. *See* Complaint, generally. In fact, the FOP does not allege its constitutional rights were violated at all, only those of the Officers Emmer and Cooley. *Id.* Thus, the FOP's entire claim against these Defendants is predicated on an alleged violation of the substantive and procedural due process rights of third parties. *Id.* The FOP is not asserting its own legal right or interests; rather, it is "*rest[ing its] claim to relief on the legal rights or interests of third parties*." *Warth,* 422 U.S. at 499. Accordingly, the FOP lacks standing to bring a claim against these Defendants, and this court lacks subject matter jurisdiction over the FOP claims. *See Lujan, supra*; *Jaco,* 739 F.2d 239, 242. Therefore, all claims asserted by the FOP should be dismissed.

4.  <u>Punitive damages are not recoverable in a 42 U.S.C. § 1983 suit from a municipality or an individual sued in his official capacity.</u>

Plaintiffs seek the recovery of punitive damages from all the defendants. Complaint, *ad damnum* clause, No. 4. Punitive damages are not recoverable against a municipality in a 42 U.S.C. § 1983 case. In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981), the Supreme Court stated

> [i]n sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.

*Id.*

The punitive damages claim against the City of Chattanooga should be dismissed as a matter of law. CPD is not an entity amenable to suit; and consequently, the punitive damages claim should be dismissed against it as well. Because any claim against Chief Dodd is asserted in his official capacity and is the equivalent of a claim against the City, the punitive damages claim against him should also be dismissed.

WHEREFORE Defendants pray that its motion for partial dismissal be GRANTED, that all claims against the Chattanooga Police Department and Chief Dodd be dismissed, that all claims brought by the Tennessee State Lodge of The Fraternal Order of Police be dismissed, and that all claims for punitive damages be dismissed against all named defendants as a matter of law.

This 20th day of December, 2013.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY

By: /s/ Keith J. Reisman
PHILLIP A. NOBLETT - BPR #10074
*Deputy City Attorney*
KEITH J. REISMAN – BPR #26974
ELIZABETH RODERICK – BPR # 22762
*Assistant City Attorneys*
*Attorneys for Chattanooga Police Department, City of Chattanooga and Bobby Dodd, in his official capacity as Chief of Police for the Chattanooga Police Department*
100 East 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 20th day of December, 2013.

                                          /s/ Keith J. Reisman
                                        KEITH J. REISMAN